IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHERRY MELUGIN,

        Plaintiff,

vs.

Case No. 07-1099-JTM

THE COUNTY OF BUTLER, STATE OF
KANSAS, BY THE BOARD OF
COMMISSIONERS OF THE COUNTY, et
al.,

        Defendants.

MEMORANDUM AND ORDER

      This matter is before the court on the defendants' Motion to Dismiss all claims in plaintiff's Amended Complaint, except those relating to Title VII claims against Butler County. The defendants' motion was predicated on a combination of arguments relating to both untimeliness and lack of exhaustion. Following plaintiff Sherry Melugin's response, it appears that it is not contested that many of the claims are indeed subject to dismissal.

      Specifically, it is conceded that all of the claims in Counts I, II, IV and V may be dismissed, as well as those portions of Counts VI (page 10),[1] VII, VIII, IX and X which advance claims against

---

[1] Plaintiff's Amended Complaint contains duplicate count numbers, and accordingly references to Count VI are distinguished by both numeral and page number.

the individual defendants. (Dkt. No. 2, at 3). It is agreed that the defendants' motion would not affect the Title VII claims advanced in Counts VII, VIII, IX, and X.

Thus, two areas of disagreement between the parties remain. First, Melugin argues that her KAAD in Counts VII, VIII, IX and X survive, as she did ultimately exhaust her administrative remedies. Second, she contends that the damage to reputation claims in Counts III and VI (page 9), which advance due process and conspiracy claims based on damage to her reputation, remain timely.

The court will dismiss the KAAD claims. Plaintiff provides no authority for the proposition that she may exhaust her administrative remedies after filing suit. Existing authority provides that such exhaustion must be filed prior to filing suit. *Sandlin v. Roche Labatories*, 268 Kan. 79, 991 P.2d 88, 883, 887 (1999) ("an independent civil action under the KAAD can only be filed once administrative remedies have been exhausted"); *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997) ("a plaintiff must exhaust his administrative remedies before bringing suit under Title VII and the Kansas Act Against Discrimination"). Since there was no exhaustion of remedies prior to filing suit here, the KAAD claims will be dismissed.

Turning to the reputational injury claims, the court holds that dismissal is not justified at the present time. Melugin was terminated on January 28, 2005. However, she alleges that defendants Murphy, Wright, and Whitaker independently acted to harm her reputation in July of 2006, and that accordingly the present claims in Counts III and VI (page 9) are timely. The defendants quite correctly note that the evidence cited by plaintiff in her response is inadmissible hearsay. The plaintiff's affidavit merely states that she knows such acts occurred in 2006 "[b]ased on reliable sources." (Plf. Exh. D).

However, the defendants' original motion sought dismissal of Melugin's claims rather than summary judgment, seeking relief under Rule 12(b)(6) rather than Rule 56. Defendants specifically argued that the court need not convert the motion to one for summary judgment, even though they were relying on matters outside the pleadings, since those matters were undisputed official administrative documents. (Dkt. No. 12, at 5). Defendants' motion provided no separate statement of facts, and was accompanied only by the documents contained in Melugin's personnel file. The defendants did not, for example, aver that they undertook no actions against Melugin in 2006.

As a result, no admissible evidence is before the court as to whether such reputational injurious acts occurred in 2006 or whether they did not. In the absence of *any facts* at all on the issue of what may have happened in 2006, summary judgment is inappropriate at the present time.

The court grants defendants' Motion to Dismiss as to all claims in the Amended Complaint except for (a) Counts VII, VIII, IX, and X, to the extent that those claims advance claims against Butler County under Title VII, and (b) the claims for alleging due process violation and civil conspiracy under Counts III and VI (page 9).

IT IS SO ORDERED this 6th day of November, 2007, that the defendants' Motion to Dismiss (Dkt. No. 11) is granted in part and denied in part as provided herein.

                                               s/ J. Thomas Marten
                                               J. THOMAS MARTEN, JUDGE